IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2020

**DAN E. DURELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 115460   Steven Wayne Sword, Judge**

_____

**No. E2019-01393-CCA-R3-HC**

_____

The pro se petitioner, Dan E. Durell, appeals for the denial of his petition for writ of habeas corpus by the Criminal Court for Knox County, arguing the habeas court erred in summarily dismissing his petition. The petitioner asserts he is entitled to habeas corpus relief because the State withheld evidence favorable to the petitioner's sentencing, his convictions violated double jeopardy protections, and the trial court relied on "improper, inaccurate, and mistaken information" in sentencing him. However, as noted by the State in its brief, the petitioner's appeal is untimely, and our review of the record and the petitioner's claims does not support a finding that the interest of justice supports the waiver of the petitioner's untimely notice of appeal. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Dan E. Durell, Washington, D.C., Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

In June 1988, the petitioner pled guilty in the Knox County Criminal Court to armed robbery and burglary. As a result of his convictions, the petitioner was sentenced as a Range II, especially aggravated offender to concurrent terms of life imprisonment

and ten years, respectively. *State v. Daniel Durrell, Alias*, No. 1213, 1989 WL 75727 (Tenn. Crim. App. July 11, 1989), *app. dismissed* (Tenn. Nov. 6, 1989).

On May 6, 2019, the petitioner filed a petition for writ of habeas corpus in the Knox County Criminal Court. In his petition, the petitioner argued the State withheld "exculp[a]tory evidence that would be favorable to [the] [p]etitioner's sentencing" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); his convictions violate double jeopardy; and the trial court relied on "improper, inaccurate, and mistaken information" when sentencing the petitioner. On May 6, 2019, the habeas court entered an order summarily dismissing the petition for failing to attach copies of the original judgments to his petition and for failing to state a colorable claim. This appeal followed.

*Analysis*

The petitioner claims the trial court erred in summarily dismissing his petition for writ of habeas corpus. He argues he is entitled to habeas corpus relief because the State withheld evidence favorable to the petitioner's sentencing, his convictions violated double jeopardy protections, and the trial court relied on "improper, inaccurate, and mistaken information" in sentencing him. The State argues that the petitioner's notice of appeal was untimely. We agree.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P. 4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id*. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id*. "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the Rule." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at \*1 (Tenn. Crim. App. Feb. 13, 1996). In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Id*. It is the burden of the petitioner to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(a).

- 2 -

Here, the trial court's order denying the petitioner for writ of habeas corpus as stamped "Filed" on June 5, 2019.[1] At the earliest, the petitioner did not file his notice of appeal until July 18, 2019.[2] The petitioner neither provided a reason for the untimeliness of his notice of appeal nor did he request waiver of the rule. Furthermore, once the State filed its brief in this matter noting the untimeliness of the petitioner's notice and requesting this Court dismiss the appeal, the petitioner failed to respond to the State's argument. "Although [the petitioner's] filing was pro se, Rule 4 does not relieve pro se [petitioners] from the [thirty-day] notice requirement." *Michelle Pierre Hill*, 1996 WL 63950, at *1. Thus, the petitioner's pro se status is but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. *Id*.

Our review of the issues raised on appeal, in consideration with the record as a whole, fails to persuade this Court that the interest of justice requires this court to excuse the untimely filing of the notice of appeal document. A review of the issues presented on appeal leads us to conclude the petitioner would not, in any event, be entitled to relief. In addition to being without merit, none of the petitioner's claims are proper for habeas corpus relief. Thus, we hold that the interest of justice does not support the waiver of the untimely filing of the notice of appeal.

*Conclusion*

Based upon the foregoing authorities and reasoning, the appeal is dismissed.

_____
J. ROSS DYER, JUDGE

---

[1] While the trial court's order appeared to have been signed on May 6, 2019, the trial court clerk stamped the Order as "Filed" on June 5, 2019. We will use the stamped date as the date from which the petitioner's time to file his notice of appeal began to run.

[2] According to the record on appeal, the petitioner signed his notice of appeal on July 18, 2019. However, the clerk of the appellate court stamped the document as "Filed" on August 5, 2019. Pursuant to Tennessee Rule of Criminal Procedure 49(d), we will consider the July date as the date of filing.